UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CURTIS LEE WATSON | : | |
|     Petitioner | : | |
| v. | : | |
| | : | 1:06Cv02248 (RWR) |
| UNITED STATES OF AMERICA | : | |
| | : | |
|     Respondent. | : | |

**UNITED STATES' MOTION TO TRANSFER PETITIONER'S
PETITION FOR WRIT OF ERROR CORAM NOBIS**

The United States, through its attorney, the United States Attorney's Office for the District of Columbia, hereby moves this Court to transfer petitioner's Petition for Writ of Error Coram Nobis, which, in substance, is a habeas petition filed under 28 U.S.C. § 2254, to the U.S. Court of Appeals for the District of Columbia Circuit for a determination of whether to authorize the filing of this successive Section 2254 petition.

**I. RELEVANT PROCEDURAL BACKGROUND:**

    1. On May 30, 1976, the petitioner assaulted Richard Knight at gunpoint at 1926 Quincy St., N.E. On June 6, 1976, the petitioner shot Robert Swearinger and Cynthia Durham at the same address. After his indictment for these assaults, the petitioner was tried in August, 1977 in D.C. Superior Court. However, a mistrial was declared on August 18, 1977 when deliberating jurors were exposed to publicity in the Washington Post surrounding the fact that the petitioner had been arrested and charged with murdering Timothy Reeves on June 28, 1977, also at the Quincy Street address.

    2. Thereafter, commencing on June 26, 1978, the petitioner was tried before Judge Burka on the consolidated indictments for the assaults of May 30 and June 6, 1976 (F-91888-76) and

1

the homicide of Timothy Reeves on June 28, 1977 (F-69971-77). On July 7, 1978, the jury returned guilty verdicts against the petitioner on, among other charges, one count of First Degree Murder while Armed (Premeditated) (in violation of 22 D.C. Code §§ 2401, 3202), two counts of Assault with Intent to Kill while Armed (in violation of 22 D.C. Code §§ 501, 3202), and one count of Assault with a Dangerous Weapon (in violation of 22 D.C. Code § 502).

3. On August 10, 1978, the petitioner received an aggregate sentence of thirty years to life imprisonment.

4. The petitioner noted a timely appeal on August 14, 1978. In his appeal, the petitioner argued, among other things, that the trial court improperly joined the assault and murder indictments. In a Memorandum Opinion and Judgment filed on November 6, 1979, the D.C. Court of Appeals rejected the petitioner's arguments and affirmed his convictions.[1]

5. While his appeal was pending, on September 20, 1979, the petitioner filed the first of his many post-conviction challenges in D.C. Superior Court. In this first motion to vacate his conviction pursuant to 23 D.C. Code § 110, the petitioner claimed that his trial counsel was ineffective in failing to oppose consolidation of the indictments or to move for a severance or mistrial for prejudicial joinder. Judge Pratt held an evidentiary hearing on petitioner's motion on February 19, 1982.[2] In a Memorandum and Order filed on August 5, 1983, Judge Pratt denied petitioner's first 23-110 motion.

6. The petitioner filed a motion to recall the mandate from his first appeal, claiming

---

[1] The Memorandum Opinion and Judgment affirming petitioner's convictions on direct appeal is attached as an Appendix to Watson v. United States, 536 A.2d 1056 (D.C. 1987), cert. denied 486 U.S. 1010 (1988) (see below).

[2] Judge Pratt assumed petitioner's cases after Judge Burka's retirement.

ineffective assistance of appellate counsel, and also filed an appeal from the denial of his initial 23-110 motion. The motion to recall the mandate was denied and Judge Pratt's rulings on the 23-110 claims were ultimately affirmed in Watson v. United States, 536 A.2d 1056 (D.C. 1987), cert. denied 486 U.S. 1010 (1988).

   7.   The petitioner's post-trial litigation ceased temporarily when he escaped from Lorton prison in 1988 and was not recaptured by U.S. Marshals until 1995 (See Washington Post, Metro Section, March 16, 1996). Since his return to custody in 1995, the petitioner has continued to file a variety of post-conviction challenges in both D.C. Superior Court and several federal courts.

   8.   For example, in early 1997, petitioner filed two motions under 28 U.S.C. §2255 for a Writ of Error Coram Nobis, which the U.S. District Court referred to D.C. Superior Court as the proper forum.[3] Of relevance to petitioner's instant claim, in denying petitioner's Coram Nobis motions, Judge Hedge specifically found that there was no merit to his claim that he was never indicted for the murder (Order of April 4, 1997 at 5 and notes 3, 4).

   9.   The petitioner has filed approximately 21 other collateral attack motions in the U.S. District Court for the District of Columbia and in the Eastern District of Virginia, over 10 of which are in the nature of habeas petitions challenging the lawfulness of his convictions.[4] The

---

   [3]   See Order of April 4, 1997 by Judge Brook Hedge of D.C. Superior Court denying petitioner's Coram Nobis petitions, attached as Exhibit 2.

   [4]   Of the cases in U.S. District Court for the District of Columbia in which petitioner is a party, the following are in the nature of habeas petitions challenging his convictions: 96-cv-00321, 96-cv-02260, 98-cv-02815, 99-cv-01783, 99-cv-02817, 99-cv-02958, 00-cv-01611, 00-cv-03058, 00-cv-03063, and 01-cv-00347. In addition, the petitioner has filed at least two cases in the Eastern District of Virginia which are habeas petitions challenging his convictions. See United States v. Curtis Lee Watson, 215 F.3d 1323 (4th Cir. 2000), and United States v. Curtis

petitioner's list of habeas cases includes the following:

    **a) Watson v. United States (96-cv-02260)**: in this case, the United States Court of Appeals for the District of Columbia Circuit (USCADC) upheld Judge James Robertson's dismissal of petitioner's habeas petition on the ground that the District Court lacked subject matter jurisdiction because the petitioner had not argued or demonstrated that the remedy provided in D.C. Superior Court was inadequate or ineffective. See Watson v. United States, 159 F.3d 638 (D.C. Cir. 1998) (citing, inter alia, D.C. Code §23-110(g), and Swain v. Pressley, 430 U.S. 372, 377-78 (1977));

    **b) Watson v. United States (99-cv-01783):** in this casae, Judge Gladys Kessler dismissed petitioner's habeas petition filed pursuant to 28 U.S.C. §§2254 and 2255 for lack of jurisdiction on the same grounds as noted above (See Judge Kessler's Order of June 30, 1999). Judge Kessler then denied petitioner's motion for a certificate of appealability (See Judge Kessler's Order of August 12, 1999), and the USCADC affirmed Judge Kessler's denial of petitioner's request for a certificate of appealability in an Order issued on February 2, 2000. See Watson v. United States, 2000 WL 274205 (D.C. Cir. 2000);[5]

---

Lee Watson v., 2007 WL 30820 (4th Cir. January 5, 2007).

    [5]    Petitioner also filed habeas petitions challenging his convictions in the following District Court cases:

    1) **Watson v. Dorsey et al (99-cv-02817)**, in which Judge Aubrey Robinson dismissed petitioner's habeas petition, filed pursuant to 28 U.S.C. §2241, for lack of jurisdiction on the same grounds as noted above (See Judge Robinson's Order of October 20, 1999), and the USCADC affirmed the denial of petitioner's request for a certificate of appealability. See 2000 WL 621417 (D.C. Cir. 2000);

c) **United States** v. **Curtis Lee Watson**, 215 F.3d 1323 (4th Cir. 2000): in this case, the U.S. Court of Appeals for the Fourth Circuit upheld the District Court's denial of petitioner's motion filed under 28 U.S.C. § 2255 and also denied a certificate of appealability; and

d) **United States** v. **Curtis Lee Watson,** 2007 WL 30820 (4th Cir. January 5, 2007): in this case, the Fourth Circuit upheld the District Court's order that construed petitioner's Coram Nobis petition as a motion filed under 28 U.S.C. § 2255 and dismissed it for lack of jurisdiction because the petition, in substance, was an unauthorized successive 2255 motion; the Fourth Circuit also upheld the denial of petitioner's motion for a certificate of appealability.

10. On December 29, 2006, the petitioner filed the instant petition. The petitioner now seems to claim that the charges for which he was convicted in 1978 were "false" because the government failed to produce of a copy of the 1977 indictment in his case, when he requested

---

2) **Watson v. United States (99-cv-02958),** in which Judge Royce Lamberth dismissed petitioner's habeas petition, filed pursuant to 28 U.S.C. §2241, for lack of jurisdiction on the same grounds as noted above (See Judge Lamberth's Order of May 17, 2000);

3) **Watson v. United States (00-cv-01611),** in which Judge Henry Kennedy dismissed petitioner's habeas petition for lack of jurisdiction on the same grounds as noted above (See Judge Kennedy's Order of July 5, 2000), Judge Lamberth then denied petitioner's motion for a certificate of appealability (See Judge Lamberth's Order of January 26, 2001), and the USCADC affirmed Judge Lamberth's denial of petitioner's request for a certificate of appealability See Watson v. United States, 2001 WL 410221 (D.C. Cir. 2001);

4) **Watson v. United States (00-cv-03058),** and **Watson v. United States (00-cv-03663),** in which Judge Ricardo Urbina dismissed petitioner's habeas petitions, filed pursuant to 28 U.S.C. §2241, for lack of jurisdiction on the same grounds as noted above (See Judge Urbina's Orders of December 22, 2000). Judge Lamberth then denied petitioner's motion for a certificate of appealability (See Judge Lamberth's Order of February 1, 2001), and the USCADC affirmed the denial of petitioner's request for a certificate of appealability. See Watson v. United States, 2001 WL 1154483 (D.C. Cir. 2001).

this document in 2003 under the Freedom of Information Act ("FOIA") (Motion at 1-2). For the reasons set forth below, this Court should construe the instant petition as a successive Section 2254 petition and should transfer it to the USCADC for a determination of whether to authorize its filing as a successive petition pursuant to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

## II. ARGUMENT

Petitioner's petition, although styled as a Writ of Error Coram Nobis, is properly considered a Section 2254 petition.[6] "Federal courts can 'ignore the legal label that a pro se litigant attaches' to a pleading 'to create a better correspondence between the substance of a ... claim and its underlying legal basis.'" Thomas v. FAA, 2007 WL 219988, *2 (D.D.C. Jan. 25, 2007) (quoting Castro v. United States, 540 U.S. 375, 381 (2003)); see also Embrey v. Bush, 2006 WL 2466809, * 2 (D.D.C. Aug. 24, 2006) ("the Court is not bound by a pro se litigant's characterization of his cause of action"). The federal circuit courts of appeal have uniformly held that pleadings which are the functional equivalent of a Section 2254 motion must be treated as such, regardless of the caption of the pleading. See, e.g., Brennan v. Wall, 100 Fed.Appx. 4, 5 (1st

---

[6] We note at the outset that petitioner may not proceed via 28 U.S.C. § 2255 because he is not serving a sentence imposed by a Federal Court. He thus is limited to § 2254, which applies to persons in custody pursuant to the judgment of a state court. See, e.g., Garris v. Lindsay, 794 F.2d 722, 724 n.8 (D.C. Cir.) ("District of Columbia prisoners are state prisoners" for purposes of certfication of probable cause, the predecessor to certificates of appealability), cert. denied, 479 U.S. 993 (1986); see also Madley v. U.S. Parole Comm'n., 278 F.3d 1306, 1309 (D.C. Cir.) ("a court of the District is a state court for the purposes of section 2253(c)"), cert. denied, 537 U.S. 1004 (2002); Milhouse v. Levi, 548 F.2d 357, 360 n. 6 (D.C. Cir. 1976) ("[T]his Court has treated local courts as 'state' courts for the purposes of exhaustion and federal habeas corpus jurisdiction."); Banks v. Smith, 377 F.Supp.2d 92, 94 (D.D.C. 2005) ("when considering a writ of habeas corpus a prisoner of the District of Columbia is considered a State prisoner, when the prisoner is held under a conviction of the D.C. Superior Court").

Cir.) (treating motion filed under 28 U.S.C. § 1651 as § 2254 motion), cert. denied, 543 U.S. 908 (2004); Byrd v. Bagley, 37 Fed.Appx. 94, 95 (6th Cir. 2002) ("regardless of the label on the statutory underpinning for the petition, habeas petitions of state prisoners are governed by 28 U.S.C. § 2254"); Burris v. Parke, 130 F.3d 782, 783 (7th Cir.) (treating a motion to recall the mandate as § 2254 motion), cert. denied, 522 U.S. 990 (1997); Greenawalt v. Stewart, 105 F.3d 1287, 1287 (9th Cir. 1997) (per curiam) (treating § 2241 habeas petition as § 2254 motion), cert. denied, 519 U.S. 1103 (1997).

Here, the petitioner alleges that the charges for which he was convicted in 1978 were "false" because the government failed to produce of a copy of the 1977 indictment in his case, when he requested this document in 2003 under the Freedom of Information Act ("FOIA") (Motion at 1-2). Petitioner's challenge to the legality of his convictions are expressly contemplated by 28 U.S.C. § 2254, which provides in relevant part that "...a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

Accordingly, this Court should construe petitioner's petition as a Section 2254 petition.[7] Because petitioner has filed at least one previous petition under Section 2254, the instant petition is a second or successive Section 2254 petition. Under Section 2244(b)(3), a second or

---

[7] Furthermore, although this Court cannot re-characterize a petitioner's initial post-sentence motion as a 2254 petition without providing the petitioner with notice of this proposed action and an opportunity to withdraw his motion rather than have it re-characterized, cf. United States v. Palmer, 296 F.3d 1135, 1146 (D.C. Cir. 2002), these requirements do not apply to a second or successive post-conviction motion. See, e.g., United States v. Lloyd, 398 F.3d 978, 979-80 (7th Cir. 2005) (court may re-characterize 3582 motion as successive 2255 motion without providing notice of re-characterization and opportunity to withdraw).

successive 2254 petition may not be filed in U.S. District Court unless the applicant first moves in the appropriate court of appeals for an order authorizing the District Court to consider the application, which may be granted only if the Court of Appeals determines that the application makes a prima facia showing under §2244 (b)(2).

The D.C. Circuit has held that a district court lacks jurisdiction to entertain a second or successive 2255 motion in the absence of a certification from the D.C. Circuit. See United States v. Levi, 1997 WL 529069 at 1 (D.C. Cir. 1997). In addition, numerous other circuit courts of appeal have similarly held that a district court lacks jurisdiction over such a motion, and many have held that the district court should transfer such a motion to the appropriate court of appeals for certification. See, e.g., Poindexter v. Nash, 333 F.3d 372, 382 (2nd Cir. 2003) ("[t]he district court has no power to entertain a second or successive 2255 motion unless the appropriate court of appeals has authorized the filing of that motion in the district court"); Coleman v. United States, 106 F.3d 339, 340-341 (10th Cir. 1997) (district court should transfer motion, pursuant to 28 U.S.C. § 1631, to appropriate court of appeals for certification); In re Sims, 111 F.3d 45, 47 (6th Cir. 1997) (same); Nelson v. United States, 115 F.3d 136, 136 (2d Cir.1997) (per curiam) (vacating "for lack of jurisdiction" a district court judgment that dealt with a successive § 2255 motion "on its merits" where this Court had not granted authorization for the filing of that motion). Likewise, many courts have held that district courts do not have jurisdiction over successive 2254 petitions in the absence of appellate authorization. See, e.g., Stewart v. Gilmore, 129 F.3d 1268, 1997 WL 724522 at *1 (7th Cir.), cert. denied, 522 U.S. 990 (1997).

In this case, it is clear that petitioner has filed at least one other Section 2254 petition after AEDPA's effective date. See Watson v. United States, 99-cv-1783 (GK). Thus, petitioner's

current 2254 petition is subject to the certification provisions of AEDPA, and this Court should transfer the motion, pursuant to 28 U.S.C. §§ 1631 and 2244, to the U.S. Court of Appeals for the District of Columbia Circuit so that the Court of Appeals may determine whether to authorize the filing of petitioner's latest 2254 petition.

A proposed order is attached.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

ROBERT D. OKUN
CHIEF, SPECIAL PROCEEDINGS DIVISION
D.C. Bar No. 457-078

_____/s/_____
JAMES SWEENEY
ASSISTANT UNITED STATES ATTORNEY
D.C. Bar No. 427-217
555 Fourth Street, N.W.
Room 10-449
Washington, D.C. 20530
(202) 353-8885
James.Sweeney@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing motion to transfer has been served by mail to petitioner, Curtis Lee Watson, Reg. No. 06227-007, U.S.P. Coleman, P.O. Box 1033, Coleman, Florida, 33521, this 21st day of February, 2007.

_____/s/_____
JAMES SWEENEY

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CURTIS LEE WATSON : | |
|       Petitioner : | |
| v. : | |
| : | 1:06Cv02248 (RWR) |
| UNITED STATES OF AMERICA : | |
| : | |
|       Respondent. : | |

<u>ORDER</u>

Upon consideration of the United States' Motion to Transfer Petitioner's Petition for Writ of Error Coram Nobis, and it appearing that petitioner's petition is subject to the certification provisions of 28 U.S.C. § 2244, it is hereby ORDERED:

That petitioner's petition motion be transferred, pursuant to 28 U.S.C. §§ 1631 and 2244, to the U.S. Court of Appeals for the District of Columbia Circuit so that the Court of Appeals may determine whether to authorize the filing of this petition.

                                                Richard W. Roberts
                                                UNITED STATES DISTRICT JUDGE

DATE:

# Exhibit 1

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CRIMINAL DIVISION

UNITED STATES OF AMERICA,

v.                                                        Crim. No. F-91888-76
                                                          Judge Hedge
CURTIS LEE WATSON,
        Defendant.

## ORDER

This matter is before the court on Defendant's Writ of Error Coram Nobis.[1] For the reasons set forth herein the Defendant's Writ is denied.[2]

Defendant was indicted in 1976 on charges related to two separate incidents which occurred at 1926 Quincy Street, N.E. Defendant was charged with the May 30, 1976, assault on Richard Knight and the June 6, 1976, shootings of Cynthia Durham and Robert Swearinger. The trial on these indictments began in 1977, but a mistrial was declared because several jurors had been exposed to publicity surrounding the murder of Timothy Reeves, which had also taken place on Quincy Street. The Defendant was later

---

[1] This writ was originally filed with the United States District Court for the District of Columbia under 28 U.S.C. § 2255 for a Writ Error Coram Nobis. That court referred the writ dated January 1997 to D.C. Superior Court. 28 U.S.C. § 2255 does not apply to the Superior Court. *Ingolsv. D.C.* 103 A.2d 879, 880 (D.C. 1954). However, the Superior Court is the proper forum to decide the Writ of Error Coram Nobis because the Defendant was originally sentenced by the Superior Court and is attacking the validity of the sentence imposed by the Superior Court. *Carder v. Maryland*, 142 A.2d 820, 821 (M.D. 1958).

[2] The Court has received a second Writ of Error Coram Nobis by the Defendant which was referred to us by the United States District Court for the District of Columbia. This second writ was dated February, 1997. The allegations raised in this second writ are substantially the same as in the first. For the reasons contained in this opinion, the second writ is also denied.

indicted for the murder of Reeves and a related weapons charge. The government then moved to consolidate the murder indictment with the earlier assault indictment. The judge granted the motion to consolidate. Shortly thereafter the Defendant filed a Motion to Dismiss based on Double Jeopardy. This motion was denied by the trial judge on June 26, 1978. Defendant was found guilty on counts contained in both indictments and sentenced to an aggregate term of thirty years.

On appeal, the Defendant's convictions were affirmed. *Watson v. United States*, Nos. 13796, 13815, Memorandum Opinion and Judgment (D.C. Nov. 5, 1979) (unpublished). Shortly before the Court of Appeals decided the Defendant's direct appeal, the Defendant collaterally attacked his convictions by filing *pro se*, a motion to vacate his sentence pursuant to D. C. Code § 23-110 (1981), based primarily on ineffective assistance of his trial counsel in failing to oppose consolidation of the indictments or to move for a severance or mistrial when the prejudice of joinder became evident. The Superior Court ruled, after an evidentiary hearing, the Defendant's claim was without merit.

One month later the Defendant again collaterally attacked his conviction, this time pursuant to D.C. Code § 16-1901(1981). Acting *pro se*, Defendant filed a petition in the Superior Court for a writ of habeas corpus. That petition was also denied. Defendant then moved to recall the Court of Appeal's first mandate on the grounds that his appellate counsel had failed to "point out to this court (the Court of Appeals) the prejudicial impact that consolidation of the indictments had on his trial." *Watson v.*

2

*United States*, 508 A.2d 75, 79 (D.C. 1986) ("*Watson I*"). The Court of Appeals denied his motion to recall mandate, specifically stating the defendant "has not shown initially that counsel failed to present an available issue on direct appeal which, if supported by the record on appeal, would create a reasonable probability of reversal." *Id.* at 88. The Court of Appeals went on to affirm the denial of the Defendant's two collateral attacks which were based on ineffective assistance of trial counsel in not objecting to the joinder of the indictments. The Court of Appeals held that this alleged deficiency did not meet the showing of prejudice required by *Strickland v. Washington*, 466 U.S. 668 (1984), because there was no reasonable probability that the outcome of his trial would have been different had counsel objected to the joinder and the objection been sustained. 508 A.2d at 89.

*Watson I* decision was vacated when the defendant's petition for rehearing *en banc* was granted. The Defendant contended he was denied effective assistance of appellate counsel on his direct appeal because counsel failed to present adequately the prejudicial consolidation of offenses at his trial. The Court of Appeals again concluded the Defendant was not prejudiced by any alleged deficiency and that it did not rise to the level of ineffective assistance of counsel. *Watson v. United States*, 536 A.2d 1056, 1069 (1987) ("*Watson II*"). Further, for the reasons stated in its earlier opinion, the Court of Appeals affirmed the trial court's rejection of the defendant's collateral attack on his trial counsel's effectiveness in not objecting to joinder of the offenses. *Id.* at 1057 n.2, 1072 n.31.

## DISCUSSION

A writ of error coram nobis is an "'extraordinary remedy' which should be granted 'only under circumstances compelling such action to achieve justice.'" *United States v. Higdon*, 496 A.2d. 618, 619 (D.C.1985) (quoting *United States v. Morgan*, 346 U.S. 502, 511 (1954)). The writ was intended to "correct errors of fact not apparent on the face of the record and unknown to the trial court." *Watwood v. District of Columbia*, 162 A.2d 486, 487 (D.C. 1960). At common law, the primary function of a writ of error coram nobis was to "'correct errors of fact on the part of the trial court, not attributable to the negligence of the defendant, when the errors alleged [were] of the most fundamental character; that is, such as rendered the proceeding itself irregular and invalid.'" *United States v. Higdon*, 496 A.2d at 619, citing *Moon v. United States*, 272 F.2d 530, 532 (1959). There is a presumption that the challenged proceeding was without error and the burden is on the defendant to show otherwise. *Id.* at 487.

The ability to correct errors of fact through a writ of coram nobis requires that 1) the trial court be unaware of the facts giving rise to the petition; 2) the omitted information be such that it would have prevented the sentence or judgment; 3) petitioner be able to justify the failure to provide the information; 4) the error be extrinsic to the record; and 5) the error be "of the most fundamental character." *United States v. Morgan*, 346 U.S. 502, 511 (1954).

The defendant in this case has failed to carry his burden of showing there was error in the challenged proceeding. In his motion for the writ, the Defendant raises the

4

issue of Double Jeopardy. This issue was raised in a motion to dismiss at trial which was denied by the trial judge. Therefore, the trial judge was aware of the facts giving rise to the instant petition at the time of trial and the error alleged is not extrinsic to the record.

In addition there is nothing in the record that supports the Defendant's contention that he was never indicted on the murder.[3] On the contrary the Government's motion to consolidate made reference to the fact that the indictment charging the Defendant with the murder count was filed on October 13, 1977.[4] The trial judge would have had knowledge of the indictments prior to consolidating them into one trial. This issue is not extrinsic to the record nor is it unknown to the trial judge.

Finally the Defendant has once again raised the effectiveness his trial counsel. There is no allegation contained in Writ of Error Coram Nobis which has not been already decided against the Defendant by specific Court of Appeals decisions. The Defendant has failed to sustain his burden. There is nothing contained in the allegations that was unknown, extrinsic to the record or which would have prevented judgment in this case.

---

[3] This allegation was raised in the Defendant's Second Writ of Error Coram Nobis dated February 1997.

[4] It should be noted that in his original Writ of Coram Nobis dated January 1997 the Defendant admits that he was indicted on the murder and related weapons charge.

5

Accordingly, it is this ___ day of April 1997, hereby

**ORDERED**, the Writ of Error Coram Nobis is hereby **DENIED** without a hearing.

_____
BROOK HEDGE
JUDGE
(signed in chambers)

Copies mailed from chambers to:

Curtis Watson, DCDC 191-453
P.O. Box 5200
Lorton, VA 22199

John M. Facciola
Assistant United States Attorney
Rm. 11-852
Judiciary Center
555 4th St. N.W.
Washington, D.C. 20001